# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **BRANDON WHITTINGTON** ) <br> c/o Cornerstone Law Firm ) <br> 8350 N. St. Clair Ave., Ste. 225 ) <br> Kansas City, MO 64151 ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **TYSON FOODS, INC.** ) <br> *Registered Agent:* ) <br> C T CORPORATION SYSTEM ) <br> 120 South Central Avenue ) <br> CLAYTON, MO 63105 ) <br> ) <br>       Defendant. ) | Case No._____ <br><br> **REQUEST FOR JURY TRIAL** |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Brandon Whittington, by and through his attorney, and for his cause of action against Defendant Tyson Foods, Inc., states and alleges as follows.

### Parties and Jurisdiction

1. This is an employment case based upon and arising under the Americans with Disabilities Act as Amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA"), and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

2. Plaintiff is a citizen of the United States and of the state of Missouri, currently domiciled in Sedalia, Pettis County, Missouri.

3. Defendant Tyson Foods, Inc. ("Tyson") is and was at all relevant times a corporation. organized under the laws of Delaware with its principal place of business at 2200 Don Tyson Parkway, CP131, Springdale, AR 72762.

4. Tyson maintains and operates a place of business at 19571 Whitfield Rd., Sedalia, MO 65301.

5. Tyson is authorized to conduct, and does conduct, substantial and continuous business in the State of Missouri, specifically in Sedalia, Pettis County, Missouri.

6. At all relevant times, Tyson employed fifty (50) or more employees within a seventy-five (75) mile radius of its facility in Sedalia, Pettis County, Missouri.

7. Tyson is an employer within the meaning of the ADAAA.

8. Defendant is an employer within the meaning of the FMLA.

9. Jurisdiction is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1331 as some or all of Plaintiff's claims arise under the laws of the United States.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## Administrative Procedures

11. On January 7, 2019, Plaintiff timely filed a charge of discrimination against Tyson with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination (attached as Exhibit 1 and incorporated herein by reference).

12. On September 4, 2019, the EEOC issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference).

13. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope and controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

14. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

15. This lawsuit is filed within ninety (90) days of the issuance of the EEOC's Notice of Right to Sue.

16. This action is filed within the applicable statute of limitations.

## Additional Factual Allegations

17. Plaintiff realleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

18. Plaintiff began working for Tyson on or around July 26, 2016.

19. Plaintiff suffers from clinical anxiety and depression.

20. In August 2017 Plaintiff began taking off work due to complications resulting from medications he was taking in connection with his disabilities.

21. At that time, Plaintiff was certified to take intermittent leave pursuant to the Family Medical Leave Act ("FMLA").

22. Between August 3, 2017 and February 12, 2018, Plaintiff exercised his right to intermittent FMLA leave on a number of occasions, but fell well short of exhausting the twelve (12) weeks of leave to which he was entitled under the FMLA.

23. On or around February 12, 2018, Plaintiff again began taking time off work due to his disabilities.

24. On or around February 22, 2018, Plaintiff felt able to return to work and received a note from his doctor approving his return to work on that date.

25. Upon attempting to return to work, Tyson informed Plaintiff that he would need a note from his doctor specifically stating that he was released to return to work without restrictions.

26. In the time between receiving Plaintiff's initial authorization to return to work and the authorization required by Tyson specifying that Plaintiff may return without restrictions, Plaintiff's doctor was out of town causing significant delay in obtaining the paperwork and causing Plaintiff to have to be absent from work.

27. During this time, Plaintiff attempted to call Tyson's automated absence hotline to inform Tyson of his absences.

28. When Plaintiff attempted to call into Tyson's automated absence hotline to inform Tyson that he was exercising his right to use intermittent FMLA leave, he was told that his work ID number was not in the system.

29. Upon being told that his work ID number was not in the automated absence hotline's system, Plaintiff contacted Tyson's human resources department.

30. A human resources representative at Tyson explained to Plaintiff that employees that go on FMLA leave cannot access Tyson's automated absence hotline, but expressly assured him that his job was safe because he was absent due to approved FMLA leave.

31. When Plaintiff was able to receive the necessary doctor's note and attempted to return to work, Plaintiff was informed that he was fired due to "no call, no shows."

32. Plaintiff received a letter from Tyson informing him that his employment was terminated as of March 24, 2018.

## COUNT I
**Violation Under 42 U.S.C. §§ 12101 *et seq.*
Disability Discrimination—Failure to Accommodate**

33. Plaintiff re-alleges and incorporates herein, as though fully set forth herein, all of the above numbered paragraphs

34. At all times relevant, Plaintiff was a member of a protected class pursuant to the ADAAA because he had a physical or mental impairment that substantially limited one or more of his major life activities, had a record of such impairment, and/or was regarded by Tyson as having such impairment, to wit, clinical anxiety and depression.

35. At all times relevant, Plaintiff's clinical anxiety and depression substantially limited one or more of his daily life activities including but not limited to the ability to sleep, concentrate, think, communicate, interact with others, and take care of himself.

36. At all times relevant, Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

37. By requesting limited time off of work to recover from symptoms of his clinical anxiety and depression, Plaintiff requested reasonable accommodation for his clinical anxiety and depression.

38. Plaintiff's requested accommodation did not pose an undue hardship on Tyson.

39. Tyson refused to engage in the interactive process with Plaintiff to determine a reasonable accommodation for Plaintiff's return to work by requiring him to obtain a certification from his doctor that specifically stated that Plaintiff was released to return to work without restrictions.

40. Instead of providing a reasonable accommodation to Plaintiff, Tyson terminated Plaintiff's employment

41. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Tyson and were at all such times acting within the scope

and course of their agency and employment, and/or their actions were expressly authorized or ratified by Tyson, thus making Tyson liable for said actions under the doctrine of *respondeat superior.*

42. Tyson failed to make food faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

43. Tyson failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

44. As shown by the foregoing, Plaintiff suffered intentional discrimination based on his disability.

45. As a direct and proximate result of Tyson's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

46. As a further direct and proximate result of Tyson's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages.

47. By failing to take prompt and effective remedial action, Tyson in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

48. Tyson's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Tyson or to deter Tyson and other entities from like conduct in the future.

49. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Tyson.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Tyson for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT II
### Violation under 42 U.S.C. §§ 12101 *et seq.*
### Disability Discrimination—Wrongful Termination

50. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

51. At all times relevant, Plaintiff was a member of a protected class pursuant to the ADAAA because he had a physical or mental impairment that substantially limited one or more of his major life activities, had a record of such impairment, and/or was regarded by Tyson as having such impairment, to wit, clinical anxiety and depression.

52. At all times relevant, Plaintiff's clinical anxiety and depression substantially limited one or more of his daily life activities including but not limited to the ability to sleep, concentrate, think, communicate, interact with others, and take care of himself.

53. At all times relevant, Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

54. Tyson terminated Plaintiff's employment.

55. Plaintiff's anxiety and depression were determining factors in Tyson's decision to terminate his employment.

56. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Tyson and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Tyson, thus making Tyson liable for said actions under the doctrine of *respondeat superior.*

57. Tyson failed to make food faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

58. Tyson failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

59. As shown by the foregoing, Plaintiff suffered intentional discrimination based on his disability.

60. As a direct and proximate result of Tyson's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

61. As a further direct and proximate result of Tyson's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages.

62. By failing to take prompt and effective remedial action, Tyson in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

63. Tyson's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Tyson or to deter Tyson and other entities from like conduct in the future.

8 of 15
Case 2:19-cv-04214-NKL   Document 1   Filed 12/02/19   Page 8 of 15

64. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Tyson.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Tyson for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT III
### Violation under 42 U.S.C. §§ 12101 *et seq.*
### Retaliation

65. Plaintiff re-alleges and incorporates herein, as though fully set forth herein, all of the above numbered paragraphs.

66. At all times relevant, Plaintiff was a member of a protected class pursuant to the ADAAA because he had a physical or mental impairment that substantially limited one or more of his major life activities, had a record of such impairment, and/or was regarded by Tyson as having such impairment, to wit, clinical anxiety and depression.

67. At all times relevant, Plaintiff's clinical anxiety and depression substantially limited one or more of his daily life activities including but not limited to the ability to sleep, concentrate, think, communicate, interact with others, and take care of himself.

68. At all times relevant, Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

69. By requesting limited time off of work to recover from symptoms of his clinical anxiety and depression, Plaintiff requested reasonable accommodation for his clinical anxiety and depression.

70. Plaintiff's requested accommodation did not pose an undue hardship on Tyson.

71. Tyson terminated Plaintiff's employment.

72. Plaintiff's requests for reasonable accommodation were determining factors in Tyson's decision to terminate his employment.

73. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Tyson and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Tyson, thus making Tyson liable for said actions under the doctrine of *respondeat superior.*

74. Tyson failed to make food faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

75. Tyson failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

76. As shown by the foregoing, Plaintiff suffered intentional discrimination based on his disability.

77. As a direct and proximate result of Tyson's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

78. As a further direct and proximate result of Tyson's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages.

79. By failing to take prompt and effective remedial action, Tyson in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

80. Tyson's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Tyson or to deter Tyson and other entities from like conduct in the future.

81. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Tyson.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Tyson for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT IV
### Violation under 29 U.S.C. § 2615(a)(1)
### FMLA Interference

82. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

83. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

84. At all relevant times, Plaintiff suffered from one or more serious medical condition(s) pursuant to the FMLA.

85. By requiring Plaintiff to obtain documentation from his doctor specifically stating that he was released to return to work without restrictions, Defendant interfered with Plaintiff's right to take FMLA leave.

86. By penalizing Plaintiff for absences associated with his serious medical condition(s), Defendant interfered with Plaintiff's right to take FMLA leave.

87. By terminating Plaintiff's employment, Defendant interfered with Plaintiff's right to take FMLA leave.

88. A causal connection exists between the aforementioned adverse actions and Plaintiff's exercise of his FMLA rights.

89. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Tyson, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Tyson, thus making Tyson liable for said actions under the doctrine *respondeat superior*.

90. Tyson failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

91. Tyson failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the FMLA.

92. As shown by the foregoing, Tyson engaged in a willful violation of the FMLA, and its actions were not in good faith.

93. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

94. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

95. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT V
### Violation under 29 U.S.C. § 2615(a)(2)
### FMLA Retaliation

96. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

97. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

98. At all relevant times, Plaintiff suffered from one or more serious medical condition(s) pursuant to the FMLA.

99. Plaintiff engaged in a protected activity pursuant to the FMLA by reporting his serious medical condition(s) to Defendant.

100. Plaintiff engaged in a protected activity pursuant to the FMLA by requesting time off for his serious medical condition(s).

101. Plaintiff's exercise of his FMLA rights was a motivating or determining factor in Defendant's decision to terminate his employment.

102. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Tyson, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Tyson, thus making Tyson liable for said actions under the doctrine *respondeat superior*.

103. Tyson failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

104. Tyson failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the FMLA.

105. As shown by the foregoing, Tyson engaged in a willful violation of the FMLA, and its actions were not in good faith.

106. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

107. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

108. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff requests a trial by jury, in Jefferson City, Missouri, on all counts and allegations of wrongful conduct alleged in this petition.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:   /s/ Joshua P. Wunderlich
      Joshua P. Wunderlich  MO BAR 64254
      j.wunderlich@cornerstonefirm.com
      8350 North St. Clair Avenue, Suite 225
      Kansas City, Missouri 64151
      Telephone      (816) 581-4040
      Facsimile       (816) 741-8889

ATTORNEY FOR PLAINTIFF